IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>PEDRO RODRIGUEZ-CORTEZ,<br><br>    Respondent. | CR 05-30061-HO<br>Civ. No. 07-70014<br><br>OPINION AND ORDER |

AIKEN, Judge:

Defendant moves to vacate, set aside, or correct his sentences pursuant to 28 U.S.C. § 2255. The motion is denied.

I. BACKGROUND

Defendant was charged with one count of illegal entry (Count 1) and two counts of eluding examination and inspection (Counts 2 and 3) in violation of 8 U.S.C. §§ 1325(a) and 1326. On February 9, 2006, defendant pled guilty to Counts 2 and 3 of the Indictment, and the government agreed to dismiss Count 1. The parties further

1   - OPINION AND ORDER

agreed that the appropriate sentence was 30 months imprisonment. Defendant waived his right to appeal. The court then sentenced defendant to 30 months imprisonment in accordance with the plea agreement.

## II. DISCUSSION

Defendant claims that his counsel rendered ineffective assistance by recommending that he enter a plea of guilty rather than challenging the manner in which the government learned of his identity. Defendant's arguments are without merit.

First, in his plea agreement, defendant agreed to waive direct appeal or collateral attack of his conviction and sentence. An express waiver of the right to appeal or to collateral attack is valid if made voluntarily and knowingly. <u>United States v. Buchanan</u>, 59 F.3d 914, 917 (9th Cir. 1995). Defendant makes no claim that his plea or waiver was not knowingly and voluntarily made. Rather, the government and the court assured that defendant was aware of the possible maximum sentence and guidelines, and the court confirmed that defendant and his counsel had discussed their application. Defendant stated that he and counsel had discussed the guidelines and further indicated that he understood the maximum sentence. Defendant stated under oath that he had discussed the cases fully with counsel, that he understood the nature and elements of the charges, the consequences of pleading guilty, and that he was pleading guilty freely and voluntarily. In sum, I find

that defendant's plea was knowing and voluntary.

Second, I find that plaintiff fails to show that he received ineffective assistance of counsel. To demonstrate ineffective assistance of counsel, a defendant must show both that counsel's performance was deficient and that the deficient performance resulted in prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984). In plea proceedings, the movant must show that counsel's advice as to the consequences of the plea was not within the range of competence demanded of criminal attorneys, and that but for counsel's advice, he would not have pleaded guilty. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985); Donagiere v. United States, 914 F.2d 165, 168 (9th Cir. 1990).

Here, defendant fails to show how counsel's recommendation to accept the government's offer constitutes deficient performance. Defendant's counsel correctly advised defendant that he faced a much stiffer sentence if convicted of Count 1, the count of dismissal. Regardless, an erroneous sentencing prediction by counsel is not considered ineffective assistance of counsel. United States v. Oliveros-Orosco, 942 F.2d 644, 646 (9th Cir. 1991); United States v. Garcia, 909 F.2d 1346, 1348 (9th Cir. 1990).

Defendant further argues that his counsel should have pursued a motion to suppress evidence of his identity, because law enforcement officers obtained statements regarding his alien status

3    - OPINION AND ORDER

in violation of his rights against self-incrimination. However, law enforcement agents obtained fingerprints of defendant in the Jackson County jail and determined his identity prior to any statement made by defendant. Further, it is well-established that defendant's identity and alien file could not be suppressed in any event. See INS v. Lopez-Mendoza, 468 U.S. 1032, 1039 (1984); Untied States v. Garcia-Beltran, 443 F.3d 1125, 1132-33 (9th Cir. 2006). Therefore, defendant fails to establish either deficient performance or prejudice to support a claim for ineffective assistance under Strickland.

## CONCLUSION

Defendant's Motion Under 28 U.S.C. § 2255 to Correct, Set Aside or Vacate Sentence (doc. 18) is DENIED.

IT IS SO ORDERED.

Dated this 25 day of September, 2007.

_____
Ann Aiken
United States District Judge

4    - OPINION AND ORDER